**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andres De La Torre, | No. CV-17-01230-PHX-JJT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Andres De La Torre's Motion to Compel Discovery (doc. 16), and two Motions for Amendment of Scheduling Order (docs. 14, 19). Each motion is fully briefed. (Docs.16, 18, 20; Docs. 14, 15; Docs. 19, 21.)

Plaintiff's seeks an order compelling Defendants to answer discovery requests. There is a factual dispute as to whether Defendants received the discovery requests. The Court will order Defendants to answer the requests. Plaintiff's Motions for Amendment seek the extension of deadlines and the increase of limits to discovery. The Court finds that Plaintiff has been diligent, and has shown good cause to extend the deadlines, but not the limits, of discovery. Accordingly, Plaintiff's Motions for Amendment will be granted in part.

**I.     Background.**

On April 26, 2017, Plaintiff filed a pro se Civil Rights Complaint. (Doc. 1.) In its July 10, 2017, Screening Order (doc. 6), the Court provided the following relevant

summary of Plaintiff's claims:

> In his four-count Complaint, Plaintiff alleges that his rights under the First Amendment; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5; the Equal Protection Clause; and the Due Process Clause have been violated. . . Plaintiff is seeking injunctive, declaratory, and monetary relief.
>
> In Count One,[1] Plaintiff alleges that his rights under the First Amendment were violated by Defendants' refusal to provide him with a Halal diet, a Kosher diet, or "any diet remotely consistent with Islam's dietary restrictions." (Doc. 1 at 3.) Plaintiff asserts that when he requested a religious diet, Defendant Harris required him to take a religious test. (*Id.* at 3-4.) In the course of administering this test, Harris allegedly "challenged the legitimacy of Islam," "cast aspersions on [Plaintiff's] religious sincerity," and interrogated Plaintiff about aspects of his religion irrelevant to dietary restrictions. (*Id.* at 4.) At the conclusion of the test, Harris purportedly told Plaintiff that he would not approve Plaintiff's diet request, but would provide Plaintiff's test results to Defendant Kingsland for further consideration. (*Id.*) Kingsland subsequently denied Plaintiff's diet request, claiming that Plaintiff had not established a religious reason for his request. (*Id.*) Plaintiff provided "documentation of the chaplains' clear violation of his [First] Amendment rights" and a copy of the Ninth Circuit's decision in *Shakur v. Schriro* [514 F.3d 878 (9th Cir. 2008)] to Defendants Mooney and Ryan, but instead of remedying the situation, Mooney and Ryan approved the chaplains' actions. (*Id.*)
>
> In Count Two, Plaintiff relies on the facts alleged in Count One to assert a claim under RLUIPA. (*Id.* at 5.)
>
> In Count Three, Plaintiff alleges that Defendants' refusal to grant him a religious diet violated his equal protection rights. (*Id.* at 6.) He states that Defendants "singled [him] out for disparate treatment" because he is "Mexican and newly converted, rather than Black or Arab and raised Muslim." (*Id.*) According to Plaintiff, there was no legitimate reason for the denial of his religious diet request because he is in the same situation and satisfied the same requirements as other Muslim inmates whose religious diet requests were approved. (*Id.*) Specifically, he claims to have submitted a written request, provided a written statement setting forth the reason for his request, specified the scripture verses that set forth the Quran's dietary requirements, and answered every question posed by Defendant Harris during the religious test. (*Id.*)
>
> In Count Four, Plaintiff claims that Defendant Ryan created a policy intended to "subvert and circumvent" First Amendment religious protections and that Defendants Mooney, Kingsland, and Harris made a "calculated choice" to follow an unconstitutional course of action. (*Id.* at 7, 8.) He asserts that the ADC Department Order (DO) governing religious diets, DO 904.04-1.5, is incomprehensible and incomplete. (*Id.*) According to Plaintiff, the policy does not set forth clear criteria for obtaining a religious diet, nor does it contain any mention of the "multi-page

---

[1] The counts in the Complaint contain overlapping allegations, some of which lend support for claims asserted in more than one count. In view of the Ninth Circuit's directive to construe pro se filings liberally, the Court will consider Plaintiff's allegations as a whole when evaluating the sufficiency of each claim.

- 2 -

questionnaire religious tests" that are used by prison chaplains to "arbitrarily judge religious sincerity and discriminate against non-Christian religions." (*Id*.) Plaintiff claims that some Muslim inmates' requests for a religious diet are denied even though they cite the same reasons for their requests as inmates who have been granted a religious diet. In addition, Plaintiff claims that the unwritten custom of "interrogating inmates about their religion" and "attacking [inmates'] beliefs" was approved by Defendant Ryan and is "so well-settled and widespread that policymaking officials [and] prison administrators have actual knowledge of it." (*Id*.)

Plaintiff claims that he has suffered religious suppression, monetary loss, mental and emotional anguish, and "physical dete[ri]oration" as a result of Defendants' conduct.

(Doc. 6 at 3-5.)

## II. Pro se parties.

The United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants[,]" because requiring trial judges to explain the details of federal procedure or act as the pro se's counsel "would undermine [federal] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 226-227 (2004). A pro se litigant "does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a pro se [litigant] that would normally be attended to by trained counsel as a matter of course." *Id*. (citing *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000)). Although pro se pleadings may be held to less stringent standards than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), pro se litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir.1986); *Oliver v. Long*, No. CV-06-2429-PCT-LOA, 2007 WL 623783, * 1 (D. Ariz. Feb. 23, 2007).

## III. Plaintiff's Motion to Compel.

On January 11, 2018, Plaintiff filed his Motion to Compel Discovery. (Doc. 16.) Plaintiff alleges that on November 15, 2017, he sent "four sets of discovery requests, one for each Defendant, to the Defendants' Counsel[,]" each containing "a request for

- 3 -

documents, a request for admissions, [and] a request for interrogatories." (*Id*. at 2.) Plaintiff alleges that Defendants did not respond. (*Id*.) Plaintiff seeks an order compelling Defendants to answer the requests for production and for interrogatories, and admitting the request for admissions. (*Id*. at 2-3.) Plaintiff argues that by not answering, Defendants have "forfeited their right and opportunity to object and/or contest Plaintiff's requests." (*Id*.)

Defendants argue that Plaintiff failed to confer with Defendants before filing his motion, and allege that Defendants did not receive Plaintiff's discovery requests. (Doc. 18 at 1, 2.) Defendants' counsel attests in his sworn declaration that he first received Plaintiff's discovery requests on January 8, 2017, as they were attached to Plaintiff's Motion to Compel. (Doc. 18-1, Ex. A, at 2.) Defendants also attached copies of the legal mail logs for the relevant dates, which show no mail being sent by Plaintiff. (Doc. 18-1, Ex. A, Attach. 1, at 5-7.) Defendants further argue that even if they had received Plaintiff's discovery requests, they had no obligation to respond because the requests were "incomplete, unsigned, and undated." (Doc. 18 at 1.)

Plaintiff replied that the legal mail logs are "unreliable at best" and could have been altered. (Doc. 20 at 2.) Plaintiff also argues that withdrawal slips, and his bank account statement showing a charge for postage for legal mail on November 15, 2017, prove that he sent the discovery requests on that date. (Doc. 20, Exs. A, B, at 5-9.)

**A.    Legal Standard.**

District courts have broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); LRCiv 7.2(j); *see also Lathan v. Ducart*, 698 Fed. Appx. 379, 379 (9th Cir. Oct. 4, 2017) ("The district court did not abuse its discretion by denying [plaintiff's] motion to compel discovery because [plaintiff] failed to meet and confer with defendants.") (citation omitted).

**B. Discussion.**

Plaintiff's Motion to Compel is insufficient under both the Federal and Local Rules of Civil Procedure. In his Motion, Plaintiff attaches two letters he had sent to Defense counsel as evidence that he attempted to satisfy Rule 37 and LRCiv 7.2(j). (Doc. 16 at 3-4, 46-47.) The first letter, dated December 18, 2017, states that Plaintiff mailed Defendants "4 sets of discovery requests" on November 15th, and that he had not, as of that date received any responses. (*Id.* at 46.) Plaintiff instructs Defendants to "[c]onsider this [December 18th Letter] my 'Good Faith' effort to resolve this discovery 'dispute' of your non-responsiveness." (*Id.*) On January 2, 2018, Plaintiff sent a second letter to Defendants re-asserting that Defendants had failed to respond to his November 15th discovery requests. (*Id.* at 47.) Plaintiff adds that "[i]f I have not heard from you by January 10th I will proceed" with his motion to compel. (*Id.*)

In response to Plaintiff's allegations, Defendants provide a sworn declaration by Defendants' counsel, stating that Defendants did not receive Plaintiff's discovery requests, which were incomplete, unsigned, and undated, until early January 2018. Defendants further assert that they did not receive Plaintiff's December 18th and January 2nd Letters prior to seeing them as attachments to Plaintiff's Motion to Compel. (Doc. 18-1, Ex. A, at 2.) Defendants also state that, in an effort to discover what happened to Plaintiff's two letters, counsel asked ADC to search its legal mail logs for Plaintiff's unit during the relevant time period, but the prison legal mail logs show no legal mail being sent by Plaintiff between December 18, 2017 and January 2, 2018. (Doc. 18-1, Ex. A, Attach. 1, at 5-7.) Plaintiff does not refute Defendants' claim, but instead replies only that "legal mail logs are not properly kept nor [is] legal mail always properly recorded." (Doc. 20 at 3.)

Plaintiff fails to show that he attempted to confer with Defendants' counsel prior to filing his Motion to compel. Plaintiff's letters that are not logged, and that Defendants aver they did not receive, are insufficient. Accordingly, the Court finds that Plaintiff has failed to comply with Rule 37 and LRCiv 7.2(j), and will deny Plaintiff's Motion to

Compel (doc. 16).[2]

## IV. Motions to Amend Scheduling Order.

On November 6, 2017, Plaintiff mailed his first Motion for Amendment of the Scheduling Order. (Doc. 14 at 5.) On February 5, 2018, Plaintiff mailed a second Motion for Amendment of the Scheduling Order. (Doc. 19 at 2.) In both motions, Plaintiff seeks an extension of all case deadlines because his papers were confiscated by the F.B.I. in June and were "only recently" returned to him. (*Id.* at 2.) Plaintiff further seeks the elimination of the limits on document requests and requests for admissions. (*Id.* at 3-4.) Defendants respond taking no position as to the extension of all case deadlines, and joining in the request for extension of the deadline to file motions relating to discovery. (Doc. 15 at 1.) Defendants object to the elimination of limits to discovery because Plaintiff had not sought any discovery, and Plaintiff speculates that the limits will be prejudicial to him while Defendants have no need for any discovery. (*Id.* at 2.)

### A. Legal Standard.

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 16, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted).

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was diligent in

---

[2] What is more, Plaintiff admits in his January 2, 2018 letter to Defendants' counsel, that Plaintiff did not file a notice of service regarding his discovery requests as is required under LRCiv 5.2. (Doc. 16, Ex. F, at 47.) "A 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers." LRCiv 5.2. Moving forward, Plaintiff should take care to comply with all Federal and Local Rules of Civil Procedure.

> assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (citations omitted).

### B. Discussion.

The Court finds good cause to extend the deadlines in the Scheduling Order. The Scheduling Order set February 26, 2018 as the deadline for serving requests for written discovery. (Doc. 6 at 2.) The F.B.I. executed a search warrant and removed all of Plaintiff's property from his cell in June 2017. (*See Declaration of Andres De La Torre*, Doc. 14, Ex. A, at 7.) Plaintiff mailed his first Motion to Amend the Scheduling Order on November 6, 2017 (doc. 14 at 5), that is nearly four months before the deadline to serve written discovery. Because Plaintiff's property was taken from him by the F.B.I., and Plaintiff timely sought to amend the Scheduling Order, the Court finds that Plaintiff was diligent as required under Rule 16(b)(4). The Court will amend the Scheduling Deadlines as provided below.

Plaintiff has not shown good cause to increase limits on written discovery. The Scheduling Order set limits to interrogatories at 25, requests for production at 15, and requests for admissions at 10. (Doc. 6 at 2.) Plaintiff argues that those limits are prejudicial to Plaintiff because only Plaintiff is affected while Defendants have no need for any discovery. (Doc. 16 at 4.) Plaintiff further argues that the limits assume that "Plaintiff will abuse or misuse discovery methods." (*Id.* at 5.) Because Plaintiff has failed to show what prejudice he will suffer unless the limits are increased, the Court finds that Plaintiff has not shown good cause. Further, Plaintiff is vague about what papers the F.B.I. did not return to him, and conclusory as to how those papers affect his ability to conduct discovery within the limits. Accordingly, the Court will deny Plaintiff's request to increase limits on written discovery.

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel (doc. 16) is **denied**.

2. Plaintiff's Motions for Amendment of the Scheduling Order (docs. 14, 19) are **granted in part**.

3. The Court will extend the following deadlines:

   a. All interrogatories, requests for production of documents, and requests for admissions shall be served no later than **May 25, 2018**.

   b. All motions regarding discovery must be filed no later than **June 26, 2018**.

   c. Dispositive motions shall be filed no later than **July 26, 2018**. Such motions must fully comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

4. All other deadlines in the Court's September 27, 2017 Scheduling Order (doc. 13) are **affirmed.**

5. Plaintiff's Motion for Ruling (doc. 24) is **granted** to the extent discussed in this order.

Dated this 6th day of April, 2018.

Honorable John Z. Boyle
United States Magistrate Judge